```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PATRICK MURACA, | |
| Petitioner, | No. 17-CR-739 (RA) |
| v. | No. 21-CV-6003 (RA) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

RONNIE ABRAMS, United States District Judge:

Petitioner Patrick Muraca, proceeding pro se, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Muraca claims in part that he was denied the effective assistance of counsel because his trial counsel, Bennett M. Epstein, "would not allow" Mr. Muraca to testify at trial and threatened to quit as his attorney shortly before trial if Mr. Muraca insisted on doing so. Dkt. No. 129 ("Def. Mot.") at 21-23. Mr. Muraca alleges that he chose not to testify because he "was afraid that [Mr. Esptein] would actually quit [which] would have been a disaster." *Id.*; *see* Dkt. No. 133 ("Def. Reply Br.") at 28-29. Mr. Muraca is hereby deemed to have waived attorney-client privilege as to his communications with his trial counsel related to the decision not to testify at trial. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he [attorney-client] privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."); *see also Frias v. United States*, No. 01 CR. 0307JFK, 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009).

No later than **January 15, 2024**, Mr. Muraca shall file with the Court a sworn affidavit addressing any and all communications he and trial counsel had—before, during, and after trial—about his right to testify and decision not to testify. With the affidavit, Mr. Muraca shall submit

corroborative documentation, if any, related to his allegation that Mr. Epstein threatened to quit or otherwise prevented Mr. Muraca from testifying.

No later than **January 15, 2024**, Mr. Epstein shall similarly file with the Court a sworn affidavit addressing any and all communications he and Mr. Muraca had—before, during, and after trial—about Mr. Muraca's right to testify and decision not to testify. The affidavit must contain any information Mr. Epstein reasonably believes is necessary to respond to Mr. Muraca's specific allegation that Mr. Epstein threatened to quit or otherwise prevented Mr. Muraca from testifying, including any corroborative documentation. *See* ABA Model Rules of Pro. Conduct R. 1.6(b)(5)-(6).

If Mr. Epstein's co-counsel, Sarah M. Sacks, had or witnessed any communications with Mr. Muraca about his right to testify or decision not to testify, she too shall submit an affidavit with any corroborative documents no later than **January 15, 2024**.

If Mr. Muraca objects to Mr. Epstein or Ms. Sacks responding as ordered herein, he must notify the Court of his objection and the basis thereof on or before **January 8, 2024**.

The Clerk of Court is respectfully directed to provide a copy of this Order to Mr. Muraca, Mr. Epstein, and Ms. Sacks.


Dated:   November 30, 2023
         New York, New York

                                            _____
                                            Hon. Ronnie Abrams
                                            United States District Judge